Semple, J.
As to the first point: if it be admitted, that the commonwealth might have convicted the accused, on proof of his playing at any one unlawful game, had the indictment charged him with playing at a game at a public place, and that the game was neither bowles, backgammon, chess nor drafts (which are excepted by the statute), it does not follow, that he can be convicted upon this indictment, charging that he played at the game of all fours &tc. upon proof of his playing at any unlawful game other than one of the games specified. The attorney chose to frame his indictment differently. That alleges, that the defendant played unlawfully at the game of all fours &c. with cards. The offence here consists in the playing at the game of all fours &c. which are unlawful games, not being either of the games excepted in the statute. The games charged to have been played, became essential ingredients in the offence itself, and could not be rejected as unnecessary or as surplusage. The proof must agree with the allegation, and this would have been required even in a civil case. It was more necessary to prove that the defendant had played at ono of the specified games, than it was in Butt’s case, 2 Virg. Ca. 18. to prove, that the play took place at the booth of Skinner, as charged in the presentment, and not at the booth of Clark; for, whether the play was at one or other of the booths, it was equally an offence against the statute; but as it was laid to have taken place at the booth of Skinner, proof that it took place at the booth of dark, was held not to be competent. A majority of the court, therefore, is of opinion, that the court below erred in refusing the first instruction asked for.
Then, as to the second point—To convict the defendant, it was incumbent on the commonwealth to prove, that the play occurred at tho store of Huddleston Co. and that it was a public place at the time of the playing: it was so al *682 leged in the indictment. Proof that Huddleston fy Co.’s house was a store house, at which goods were vended, would establish that it was a public place so long as it was kept open for that purpose. But when the business of the day was ended, the store house was bond fide shut up, the doors closed, it ceased prima facie to be a public place; and in the absence of other proof, it would not be regarded as a public but a private place. When reopened, it again became a public place, in point of fact and legal contemplation. Even when the doors were closed and all sales ceased, the business of the day having ended, it might be shewn by testimony to have been in fact a public place, so as to subject persons engaged at play in the house to the penalties of the statute. The second instruction asked for is not at all inconsistent with this latter proposition. The court understands that instruction as going no farther than to insist, that it was not an offence against the statute, to play at the store house, in the night, after the business of the store was ended, and the doors shut, in the absence of other proof as to the character of the house; that the house did not continue, in that state of things, to be a public place, because it was a store house open to the public in the day time. And this by no means excludes the idea, that it was competent to establish, by other proof, that, though shut up at night, as to the . ordinary business, it was still, in truth, a public place. The eourt, therefore, is of opinion, that the circuit superiour court erred in refusing to give the second instruction asked for.
Judgement reversed, and case sent back to the circuit court for a new trial &c.